**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GRAY LINE TOURS, INC., Respondent.**

**No. 26882.**

United States Court of Appeals,
Ninth Circuit.

April 5, 1972.

---

Steven C. Kahn (argued), John D. Burgoyne, Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Arnold Ordman, Gen. Counsel, Washington, D. C., Charles M. Henderson, Seattle, Wash., for petitioner.

James L. Magee (argued), George H. Davies, of Macbride, Sax & MacIver, Seattle, Wash., for respondent.

Before CHAMBERS, Chief Judge, GOODWIN, Circuit Judge, and SCHWARTZ, District Judge.

PER CURIAM:

This is an application for enforcement of an order of the National Labor Relations Board based upon the finding that Gray Line Tours, Inc. had violated § 8(a) (5) of the National Labor Relations Act, as amended, 29 U.S.C. § 151, et seq. The order directed Gray Line, which operates sightseeing and charter buses as well as a chauffeured limousine service, to cease and desist from refusing to bargain collectively with the bargaining representative chosen by the three dispatchers employed by the company at Seattle, Washington. Gray Line admits that it refused to bargain with the dispatcher's bargaining representative, but maintains that the dispatchers are "supervisors" within the meaning of § 2(11) of the National Labor Relations Act and, therefore, exempt from coverage by the Act.

 The only issue we must consider is whether the Board properly found that the dispatchers were not "supervisors" within the meaning of § 2(11). Our review of the whole record convinces us that there is not substantial evidence to support the Board's conclusion.

Section 2(11) reads as follows:

"The term 'supervisor' means any individual having *authority*, in the interest of the employer, to hire, transfer, *suspend*, lay off, recall, promote, discharge, assign, reward, or discipline ·other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment." [emphasis added]

It is the rule that only one of the powers set forth in § 2(11) need be present to qualify an employee as a "supervisor." NLRB v. Fullerton Publishing Co., 283 F.2d 545, 548 (9th Cir., 1960). And actual existence of supervisory authority rather than its exercise is determinative. Eastern Greyhound Lines v. NLRB, 337 F.2d 84 (6th Cir., 1964). At the NLRB hearing, there was uncontroverted testimony by a company executive that the dispatchers had the authority to send a driver home if improperly dressed, or if he refused to operate a certain bus, or take a particular charter. [RT 24–25, 42–43] Existence of such authority constitutes the power to suspend, thereby qualifying the dispatcher as "supervisor" within the meaning of § 2(11). Pacific Intermountain Express v. NLRB, 412 F.2d 1 (10th Cir., 1969); Warner Company v. NLRB, 365 F.2d 435 (3d Cir., 1966); Eastern Greyhound Lines v. NLRB, *supra*.

Accordingly, the petition of the board for enforcement of its order is denied.